UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY JUNIOR,

        Plaintiff,                       CIVIL ACTION NO. 11-14506

                                          DISTRICT JUDGE NANCY G. EDMUNDS

        v.                               MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 10) AND GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 14)**

### I. PROCEDURAL HISTORY

#### A. *Proceedings in this Court*

On October 12, 2011, Plaintiff filed suit seeking judicial review of the Commissioner's decision to deny her social security benefits. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), the matter was referred to this Magistrate Judge for a report and recommendation. (Dkt. No. 3). Cross-motions for summary judgment are pending. (Dkt. Nos. 10, 14). Plaintiff also filed a Reply. (Dkt. No. 17).

#### B. *Administrative Proceedings*

Plaintiff applied for disability and disability insurance benefits on November 7, 2007, alleging a disability onset date of August 8, 2006. (Tr. 18). Plaintiff's claim was initially denied by the Commissioner on March 28, 2008. (Tr. 18). On December 14, 2009, Plaintiff appeared with counsel for a video hearing before Administrative Law Judge ("ALJ") John K. Kraybill,

who considered the case *de novo*. In a decision dated January 25, 2010, the ALJ found that Plaintiff was not disabled. (Tr. 18-29). Plaintiff requested a review of this decision. (Tr. 4). On June 21, 2011, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for further review. (Tr. 4-7).

In light of the entire record, this Magistrate Judge finds that substantial evidence supports the Commissioner's determination that Plaintiff was not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

## II.     STATEMENT OF FACTS

### A.     *ALJ Findings*

In analyzing Plaintiff's claim, the ALJ applied the five-step disability analysis and found at step one that Plaintiff had not engaged in substantial gainful activity. (Tr. 20).

At step two, the ALJ found Plaintiff had the following "severe" impairments: a vertebrogenic disorder,[1] right upper extremity pathology, obesity, and depression. (Tr. 20).

At step three, the ALJ found no evidence that Plaintiff had an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. (Tr. 20).

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform "light work . . . except . . . the limitations arising from her depression limit her to unskilled work." (Tr. 22).

---

[1] Vertebrogenic means arising in a vertebra or in the vertebral column. *Dorlands Illustrated Medical Dictionary*, 2079 (31st Ed. 2007).

At step four, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 27).

At step five, the ALJ denied Plaintiff benefits, finding Plaintiff had transferable skills from her past work as a border patrol agent and could perform work as a security guard, as well as 1,600 sedentary and light unskilled occupations. (Tr. 27-28).

### B.    *Administrative Record*

#### 1.    **Plaintiff's Testimony & Statements**

Plaintiff testified at the administrative hearing that it is difficult for her to concentrate; she has high blood pressure, knee pain, a constant headache, constant neck and back pain, and a separated shoulder that prevents her from lifting her right arm. (Tr. 45-46, 48). In addition, Plaintiff testified that it is painful for her to walk up and down stairs (Tr. 51); she temporarily blacks out, if she turns her neck too fast, and wakes up at night in pain. (Tr. 45-46).

Plaintiff cannot do all of her housework (Tr. 46-47), but she can care for herself, drive, grocery shop and cook. (Tr. 45-46). According to Plaintiff, a typical day consists of sitting on the couch watching television. (Tr. 47).

#### 2.    **Medical Expert**

Dr. John V. Cavenagh, an expert in internal medicine, testified that Plaintiff's objective medical evidence is consistent with a light level of activity. (Tr. 55). According to Dr. Cavenagh, Plaintiff can lift up to 20 pounds occasionally, 10 pounds frequently, and she can be on her feet for six hours out of an eight hour workday. (Tr. 55-56).

#### 3.    **Vocational Expert**

During the hearing, the VE testified that Plaintiff could perform a full range of light work, including work as a security guard. (Tr. 59). According to the VE, Plaintiff would be precluded from work, if she had to lie down several times per day for at least 15-20 minutes. (Tr. 60).

### C. *Plaintiff's Claims of Error*

Plaintiff argues that the ALJ's decision is not supported by substantial evidence in the record and is contrary to the Social Security Act, because Plaintiff cannot perform light work. Specifically, Plaintiff claims that the ALJ wrongfully rejected an opinion from her treating physician (Dr. Larry Reid) and did not adequately account for her obesity. Plaintiff also requests a "sentence six" remand to consider new and material evidence.

## III. DISCUSSION

### A. *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a government agency makes the initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact

unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility") (internal quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

### B.   Governing Law

The "[c]laimant bears the burden of proving [her] entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*).

Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 CFR § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, Case No. 08-10279, 2008 WL 4793424 (E.D. Mich. Oct. 31, 2008), citing, 20 CFR §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is disabled, the burden shifts to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 CFR §§ 416.920(a)(4)(v) and (g).

### C.   Analysis and Conclusions

#### 1.   The ALJ Did Not Err By Failing to Give Plaintiff's Treating Physician's Opinion Controlling Weight

Plaintiff argues that the ALJ erred by not giving controlling weight to her treating physician's opinion (Dr. Larry Reid).

Under the treating source rule, "[a]n ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 CFR § 404.1527(d)(2)); *see also* SSR 96–2p. Furthermore, even where the ALJ finds that a treating physician's opinion is not entitled to controlling weight, he or she must apply the

following non-exhaustive list of factors to determine how much weight to give the opinion: (1) "the length of the treatment relationship and the frequency of examination," (2) "the nature and extent of the treatment relationship," (3) the relevant evidence presented by a treating physician to support his opinion, (4) "consistency of the opinion with the record as a whole," and (5) "the specialization of the treating source." *Id.*; 20 CFR § 404.1527.

The treating-source rule also "contains a clear procedural requirement." *Wilson*, 378 F.3d at 544 (citing 20 CFR § 404.1527(d)). In particular, "the [ALJ's] decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96–2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. "[A] failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243; *see also Wilson*, 378 F.3d at 544 ("[t]he regulation requires the agency to "give good reasons" for not giving weight to a treating physician in the context of a disability determination") (citation omitted).

On the other hand, the issue of whether Plaintiff is disabled within the meaning of the Social Security Act is reserved to the Commissioner. *See* 20 CFR § 404.1527(d); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Gaskin v. Comm'r of Soc. Sec.*, 280 Fed. App'x. 472, 474 (6th Cir. 2008). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *see also Kidd v. Comm'r of*

*Soc. Sec.*, 283 Fed. App'x. 336, 340 (6th Cir. 2008). An opinion that is based on Plaintiff's reporting of his symptoms is not entitled to controlling weight. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Plaintiff cites *Carroll v. Astrue*, 2011 WL 308056 (N.D. Ohio Jan. 28, 2011) to support her argument that the ALJ improperly used the medical expert's testimony (Dr. Cavenagh) to discount Dr. Reid's opinion. In *Carroll*, instead of determining whether the treating physician's opinion was entitled to controlling weight under 20 CFR § 404.1527(d)(2), the ALJ weighed the treating physician's opinion against those of the medical expert and reviewing physicians:

> Among all the medical source opinions in this record, the greatest weight is given to [the medical expert's] opinion because he was the only medical source who had the opportunity to review the full documentary record and hear [plaintiff] testify and ask [plaintiff] questions. [The medical expert] is also board-certified; his testimony was subject to crossexamination[sic]; he had the opportunity to expound on the reasons supporting his opinion; and his opinion was consistent with the opinion of the state agency physicians who reviewed the record. In assessing [plaintiff's] residual functional capacity, lesser weight is given to the residual functional capacity opinions offered by the surgeon who operated on [plaintiff's] back on December 21, 2006. *Besides being inconsistent with the opinions of the medical expert and state agency reviewing physicians, this treating source's opinions are not supported by the record as a whole*.

*Carroll*, 2011 WL 308056 at *4 (emphasis added). The district court was not convinced that the ALJ properly considered whether the treating physician's opinion was entitled to controlling weight: the ALJ did not cite 20 CFR § 404.1527(d)(2), nor was there any indication that he considered the factors outlined in that regulation. *Id.* "The ALJ failed to acknowledge that, generally, '[t]he testimony of [a medical expert] cannot provide a sufficient basis for rejecting the opinions of plaintiff's treating physicians since "the opinion of a nonexamining physician is

-10-

entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'"'" *Id.* at *5 (quoting *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)).

>Here, the ALJ stated the following regarding Dr. Reid's opinion:
>
>In a Medical Assessment of Ability to do Work-Related Activities (Physical) Dr. Reid opines that [Plaintiff] can sit, stand, and walk for five minutes at a time and for 20 minutes total during the course of an eight hour day. He stated that [Plaintiff] can occasionally lift up to five pounds and only occasionally balance, but never climb, kneel, crouch, stoop, or crawl. He indicated that her impairments affected her reaching, handling, pushing and pulling and gave environmental restrictions to vibration and moving machinery. Dr. Reid also noted that [Plaintiff] is affected by stressful conditions and has been since April 25, 2000. He stated that [Plaintiff's] symptoms and limitations have existed at the same degree of severity since at least August 7, 2006. In a Rest Questionnaire Dr. Reid opined only that [Plaintiff] is totally disabled. In a Pain Questionnaire Dr. Reid stated that [Plaintiff's] pain is severe and opined that her pain constantly interferes with her ability to maintain attention and concentration, and complete tasks in a timely manner, again making the note "total disability." Finally, in a Medication Questionnaire Dr. Reid noted that [Plaintiff's] prescribed medications could cause the side effects of gastritis and sleepiness and stated that [Plaintiff] is compliant in taking her medications when she has the money to get them[.]
>
>I note that the opinions expressed are quite conclusory, providing very little explanation of the evidence relied on in forming that opinion. It would appear that the doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by [Plaintiff], and seemed to uncritically accept as true most, if not all, of what [Plaintiff] reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of [Plaintiff's] subjective complaints. Additionally, the record contains virtually no treatment records from Dr. Reid whatsoever that would support these opinions. Indeed, [Plaintiff's] attorney admitted at the hearing that Dr. Reid would not comply with the agency's requests for [Plaintiff's] medical records.

(Tr. 26). This Magistrate Judge finds the ALJ did not simply weigh Dr. Reid's opinion against that of the medical expert. Instead, the ALJ provided "good reasons" for not affording Dr. Reid's opinion controlling weight, in compliance with 20 CFR § 404.1527(d)(2). First, Dr. Reid opined on an issue reserved to the Commissioner. *See* 20 CFR § 404.1527(d)(3) ("[w]e will not give any special significance to the source of opinion on issues reserved to the Commissioner").

Second, Dr. Reid appears to have improperly based his opinion, at least in part, on Plaintiff's subjective complaints alone. *See Poe v. Comm'r of Soc. Sec.*, 342 Fed. App'x 149, 156 (6th Cir. 2009) ("substantial evidence supports the ALJ's determination that the opinion of [the Plaintiff's] treating physician[] was not entitled to deference because it was based on [Plaintiff's] subjective complaints, rather than objective medical data").

Finally, while Dr. Reid indicates that he based his opinion on Plaintiff's MRI results dated October 28, 2010,[2] x-rays, test results, and physical exams (Dkt. No. 10; Ex. C), he refused to provide treatment notes that may have provided a basis for his assessment. (Tr. 43-44). In order to receive controlling weight, Dr. Reid's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *See* 20 CFR § 404.1527(d)(2)). It is not.

### 2. The ALJ Properly Considered Plaintiff's Obesity Under SSR 02-01p

Plaintiff next argues that the ALJ committed a procedural error by failing to follow the procedure outlined in SSR 02-01p. However, "[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants"). *See Bledsoe v. Barnhart*, 165 Fed. App'x 408, 412 (6th Cir. 2006).

The ALJ did consider Plaintiff's obesity: "[Plaintiff] is 5 feet, 7 inches tall and at the consultative examination weighed 271 pounds[.] I have considered [Plaintiff's] obesity, within the guidelines of Social Security Ruling 02-01p in reaching the residual functional capacity outlined in this decision." (Tr. 25). Indeed, the ALJ found obesity one of Plaintiff's "severe" impairments at step two of the disability analysis. (Tr. 20). Therefore, Plaintiff's argument with regard to her obesity is without merit.

---

[2]The MRI reports do not provide any information regarding Plaintiff's limitations. (Dkt. No. 10; Ex. C).

-12-

### 3. This Magistrate Judge Finds a Remand Under Sentence Six for Consideration of "New" and "Material" Evidence is not Warranted

Plaintiff presents mental health evidence from Community Care Services and argues[3] that this is "new" and "material" evidence that she had "good cause" for not presenting to the ALJ. Plaintiff asks the Court to remand the case under sentence six of 42 U.S.C. §405(g).[4] Pursuant to §405(g):

> [t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

New evidence is "material" if Plaintiff can prove there is a reasonable probability that the Commissioner would have reached a different result, if he was presented with the evidence. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). On the issue of materiality, Plaintiff simply concludes that: "[i]t is [her] belief that had these records been available to the ALJ, the outcome in [her] case would have been different." (Dkt. No. 17 at p. 5). Plaintiff fails to explain *how* the records would have likely caused the ALJ to reach a different result. Moreover, the mental health evidence Plaintiff presents indicates that while she "expresses some concerns" about her depression, she was otherwise in good spirits, things were slowly improving, she had been "doing well with her depression," and she was making progress

---

[3]Plaintiff also asks the Court to consider her "new" evidence, but the scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *see also Mathews v. Weber*, 423 U.S. 261, 270 (1976) ("[t]he magistrate is directed to conduct a preliminary review of a closed administrative record--closed because under §205(g) of the Social Security Act, 42 U.S.C. § 405(g), neither party may put any additional evidence before the district court").

[4]Plaintiff first asks for a remand in her Reply; she does not request this relief in her summary judgment motion.

-13-

towards her goals. (Dkt. No. 5; Ex. D). As such, Plaintiff's evidence does not support a finding of materiality, because it is not reasonably probable that these records would change the result.[5]

## IV.     CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

---

[5] Because Plaintiff cannot satisfy the "materiality" element, this Magistrate Judge need not determine whether Plaintiff's evidence was "new" or whether she had "good cause" for not presenting it to the ALJ.

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                   s/Mark A. Randon  
                                                   Mark A. Randon  
                                                   United States Magistrate Judge

Dated: December 12, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, December 12, 2012, by electronic and/or ordinary mail.*

                                               *s/Melody Miles*  
                                               *Case Manager to Magistrate Judge Mark A. Randon*